IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **ASIA PACIFIC AGRICULTURAL AND FORESTRY COMPANY**, a Hong Kong corporation,<br><br>Plaintiff,<br><br>v.<br><br>**SESTER FARMS,** an Oregon corporation,<br><br>Defendant. | Case No. 3:12-cv-00936-PK<br><br><br>**ORDER** |

Eric K. Helmy, Northwest Business Law Group, LLC, 1300 SW Park Avenue #1009, Portland, OR 97201. Attorney for Plaintiff.

Peter C. Richter, Bruce A. Rubin, Steven G. Liday, Jr., and Jeffrey T. Sagalewicz, Miller Nash LLP, 3400 US Bancorp Tower, 111 SW Fifth Avenue, Portland, OR 97204. Attorneys for Defendant.

**Michael H. Simon, District Judge.**

United States Magistrate Judge Paul Papak issued Findings and Recommendation in this case on July 1, 2013. Dkt. 58. Judge Papak recommended that Defendant's Motion for Imposition of Sanctions, Dkt. 20, be GRANTED in part and that further proceedings be deferred in remaining part, as follows: (1) ordering Plaintiff to fulfill all of its outstanding discovery obligations to Defendant within eleven days of the order; (2) ordering Plaintiff pay Defendant's

PAGE 1 – OPINION AND ORDER

fees and costs reasonably incurred in connection with litigating its motion; (3) dismissing Plaintiff's claims against Defendant with prejudice; and (4) deferring further consideration of Defendant's motion for sanctions premised on Plaintiff's proffer of purportedly fabricated evidence.

Under the Federal Magistrates Act ("Act"), the Court may "accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party files objections to a magistrate's findings and recommendations, "the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

Plaintiff timely filed an objection. Dkt. 65. Plaintiff argues that Judge Papak: (1) was required to warn Plaintiff of impending dismissal as a discovery sanction; and (2) was required to recommend the imposition of financial sanctions before recommending dismissal. The Court has reviewed *de novo* those portions of Judge Papak's Findings and Recommendation to which Plaintiff has objected, as well as Defendant's response. The Court agrees with Judge Papak's reasoning regarding (1) the grant of Defendant's motion for imposition of dismissal sanctions based on Plaintiff's dilatory performance on its discovery obligations,[1] and (2) the award to Defendant of its attorney's fees and costs reasonably incurred in the course of litigating its motion, and ADOPTS those portions of the Findings and Recommendation.

---

[1] The Court notes that Judge Papak gave Plaintiff an additional opportunity to demonstrate good faith and ordered Plaintiff to "fulfill all of its outstanding discovery obligations" to Defendant within eleven days. Findings and Recommendation at 16. Defendant submitted the Declaration of Bruce A. Rubin attesting that "Plaintiff Asia Pacific has not produced any documents despite the order that it do so by July 12, 2013." Dkt. 67. Plaintiff's failure to comport with this order bolsters the finding that Plaintiff's failure "to participate meaningful in discovery has been willful, in bad faith, and intentionally calculated to interfere with the court's ability to weigh the merits of the claims before it and resolve them expeditiously." Findings and Recommendation at 19.

PAGE 2 – OPINION AND ORDER

For those portions of a magistrate's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report[.]"); *United States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*) (the court must review *de novo* magistrate's findings and recommendations if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Magistrates Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the Court review the magistrate's recommendations for "clear error on the face of the record."

For those portions of Judge Papak's Findings and Recommendation to which neither party has objected, this Court follows the recommendation of the Advisory Committee and reviews those matters for clear error on the face of the record. No such error is apparent.

## CONCLUSION

The Court **ADOPTS** Judge Papak's Findings and Recommendation, Dkt. 58. Defendant's Motion for Imposition of Sanctions (Dkt. 20) is **GRANTED**. Asia Pacific's claims against Sester are dismissed with prejudice for Plaintiff's failure to comply with its discovery obligations. Plaintiff is ordered to pay Defendant's attorney's fees related to its Motion for Imposition of Sanctions.

**IT IS SO ORDERED**.

DATED this 3rd day of September, 2013.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge

PAGE 3 – OPINION AND ORDER