IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ASIA PACIFIC AGRICULTURAL AND
FORESTRY COMPANY

        Counter Defendant and Cross Claimant,

                                               3:12-CV-936-PK

                                               FINDINGS AND
v.                                            RECOMMENDATION

SESTER FARMS, INC.

        Counter Claimant and Cross Defendant.

PAPAK, Magistrate Judge:

        Plaintiff Asia Pacific Agricultural and Forestry Company ("Asia Pacific") filed this action against defendant Sester Farms, Inc. ("Sester"), on May 24, 2012, alleging that it entered into a contract with Sester for the purchase of several thousand live trees, but that after it paid in full for the trees, Sester sent nonconforming trees and failed to provide certain contracted-for certifications regarding the trees it delivered. Based on those allegations, Asia Pacific alleged

Page 1 - FINDINGS AND RECOMMENDATION

Sester's liability under Or. Rev. Stat. 72.6010 *et seq.*, Oregon's codification of the Uniform Commercial Code. On June 18, 2012, Sester filed counterclaims against Asia Pacific, alleging that Asia Pacific wrongfully rejected the shipment of live trees, breached its own obligations under the parties' contract, and failed to mitigate its damages. On September 5, 2012, Asia Pacific filed a crossclaim against Sester for its attorney fees incurred in defending Sester's counterclaims.

On July 1, 2013, I recommended that Asia Pacific's claims against Sester be dismissed with prejudice as a sanction for its persistent failure to comply with its discovery obligations and related dilatory conduct, repeated disobedience of court orders, and repeated misrepresentations to the court. On that same date, I additionally ordered that Asia Pacific pay Sester's attorney fees and costs reasonably incurred in connection with litigating its motion for imposition of sanctions filed March 11, 2013. On September 3, 2013, Judge Simon adopted my recommendations of July 1, 2013, and Asia Pacific's claims against Sester under Or. Rev. Stat. 72.6010 *et seq.* were dismissed with prejudice.

Now before the court is Sester's petition (#60) for award of attorney fees and costs reasonably incurred in connection with litigating its motion for imposition of sanctions filed March 11, 2013, by and through which Sester requests that Asia Pacific be taxed with its attorney fees in the amount of $62,659.50 and its costs in the amount of $1,406.80. I have considered the petition and all of the papers and pleadings on file. For the reasons set forth below, I recommend that Sester's petition be granted, and that Sester be awarded its fees and costs in the total amount of $44,637.43.

Page 2 - FINDINGS AND RECOMMENDATION

## ANALYSIS

By and through its petition, Sester seeks award of fees and costs in the total amount of $64,066.30. Specifically, Sester seeks $62,659.50 in fees and $1,406.80 in costs in connection with litigating its motion (#20) to compel and for imposition of sanctions, and with preparation of the fee petition now before the court.

### I.     Sester's Entitlement to Award of Attorney Fees and Costs

As indicated above, by my Order (#58) dated July 1, 2013, I found that Sester is entitled to award of its attorney fees reasonably incurred in litigating its March 11, 2013, motion under Federal Civil Procedure Rule 37 to compel and for imposition of sanctions. Asia Pacific does not now challenge that finding.[1]

### II.    Attorney Fees

#### A.    The Lodestar

Determination of a reasonable attorney's fee begins with the "lodestar," which is the "number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 563-64 (1986). In connection with litigating its Rule 37 motion and with filing this fee petition, Sester relied on the services of attorneys Steve Liday, Bruce Rubin, and Jeffrey T. Sagalewicz, and of paralegal Jessica Morton. In connection with litigating its Rule 37 motion, Sester specifically requests compensation for 66.6 hours of attorney Liday's time expended in 2012 at an hourly rate of $270, 122.0 hours of Liday's time expended in 2013 at an hourly rate of $300, 2.4 hours of attorney

---

[1] As discussed below, Asia Pacific does challenge the reasonableness of the fees for which Sester now requests compensation.

Rubin's time expended in 2013 at an hourly rate of $475, 2.9 hours of attorney Sagalewicz' time expended in 2012 at an hourly rate of $320, 8.7 hours of Sagalewicz' time expended in 2013 at an hourly rate of $360, and 3.5 hours of paralegal Morton's time expended in 2013 at an hourly rate of $160, or a subtotal of $60,342.00 in fees. In connection with preparing and filing this fee petition, Sester specifically requests compensation for 4.5 hours of Rubin's time expended in 2013 at an hourly rate of $475 and 0.5 hours of Sagalewicz' time expended in 2013 at an hourly rate of $360, or a subtotal of $2,317.50 in fees.

### 1. Hours Reasonably Expended

Asia Pacific challenges the reasonableness of Sester's claimed time expenditures, characterizing the time billed by Sester's counsel as "excessive" in general. In support of that characterization, Asia Pacific argues without significant particularity that the novelty and difficulty of the legal issues raised were minimal, that Sester's success in litigating its motion and achieving the dismissal sanction did not require any special skill of Sester's counsel, that Sester's lawyers were not precluded from other employment while litigating Sester's motion, and Sester did not operate under restrictive time constraints in litigating its motion. In addition to Asia Pacific' articulated objections, the court is obliged to scrutinize Sester's fee petition independently to determine its reasonableness. *See, e.g., Gates v. Deukmejian*, 987 F.2d 1392, 1400-1401 (9th Cir. 1992).

It is the fee claimant's burden to demonstrate that the number of hours spent was "reasonably necessary" to the litigation and that counsel made "a good faith effort to exclude from [the] fee request hours that are excessive, redundant, or otherwise unnecessary." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983); *see also Frank Music Corp. v. Metro-Goldwyn-Mayer*,

Page 4 - FINDINGS AND RECOMMENDATION

*Inc.*, 886 F.2d 1545, 1557 (9th Cir. 1989) ("plaintiffs bear the burden of showing the time spent and that it was reasonably necessary to the successful prosecution of their . . . claims); *Chalmers v. Los Angeles*, 796 F.2d 1205, 1211 (9th Cir. 1986) (district court determines numbers of hours reasonably expended in furtherance of the successful aspects of a litigation). Moreover, it is likewise the fee claimant's burden to "submit evidence supporting the hours worked . . . . Where the documentation of hours is inadequate, the district court may reduce the award accordingly." *Hensley*, 461 U.S. at 433; *see also, e.g., Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 945-946 (9th Cir. 2007) (same).

For the reasons set forth below, I find that the record supports an award of compensation for 52.7 hours of attorney Liday's time expended in 2012, 115.1 hours of Liday's time expended in 2013, 2.4 hours of attorney Rubin's time expended in 2013, 2.9 hours of attorney Sagalewicz' time expended in 2012, 8.7 hours of Sagalewicz' time expended in 2013, and 3.5 hours of paralegal Morton's time expended in 2013 in connection with litigation of Sester's Rule 37 motion, and for 4.5 hours of Rubin's time expended in 2013 and 0.5 hours of Sagalewicz' time expended in 2013 in connection with preparation of Sester's fee petition.

    a.    **Hours Expended in Litigation of Sester's Rule 37 Motion**

        i.    **Relatedness of Tasks; Adequacy of Specification of Tasks**

Analysis of the time records submitted in support of Sester's petition indicates that Sester seeks compensation for its counsel's time expenditures only in connection with tasks reasonably related to, or necessary in connection with, litigation of Sester's Rule 37 motion and/or its fee petition. Moreover, the time records uniformly specify the tasks performed by each timekeeper

Page 5 - FINDINGS AND RECOMMENDATION

clearly and cogently. I therefore exclude none of the recorded time expenditures from the lodestar calculation on grounds of unrelatedness or of inadequate specification of tasks performed..

### ii.     Excessiveness of Time Expenditures

Analysis of the time records submitted in support of Sester's petition does not indicate that Sester's counsel's time expenditures were in any instance clearly excessive to the tasks performed. In consequence, I exclude none of the recorded time expenditures from the lodestar calculation on grounds of excessiveness.

### iii.    Duplicative Time Expenditures; Clerical Tasks

The courts of this district routinely exclude from the lodestar calculation any time entries indicating that more than one lawyer performed the same task. *See, e.g., Taylor v. Albina Cmty. Bank*, Case No. CV-00-1089-ST, 2002 US Dist LEXIS 25580, *11-12 (D. Or. Oct. 2, 2002). Specifically, the courts of this district have held that:

> A party is certainly free to hire and pay as many lawyers as it wishes, but cannot expect to shift the cost of any redundancies to its opponent. Instead it can only shift the reasonable attorney fee expended. A fee that is "not excessive" may still be unreasonable. When attorneys hold a telephone or personal conference, good "billing judgment" mandates that only one attorney should bill that conference to the client, not both attorneys. The same good "billing judgment" requires attorneys not to bill for more than two attorneys to review pleadings or to attend oral argument.

*Nat'l Warranty Ins. Co. v. Greenfield*, Case No. CV-97-1654-ST, 2001 US Dist LEXIS 7763, *14 (D. Or. Feb. 8, 2001). In addition, the courts will disallow time entries where the tasks listed in time records give the appearance of being primarily clerical in nature. *See Frevach Land Co. v. Multnomah County*, Case No. CV-99-1295-HU, 2001 US Dist LEXIS 22255, *36-38 (D. Or.

2001); *Jacobs v. Local Union 48, IBEW*, Case No. 94-1544-JE, 2002 US Dist LEXIS 6564, 11 (D. Or. March 21, 2002). The District of Oregon has stated that:

> It is appropriate to distinguish between legal work, in the strict sense, and investigation, clerical work, compilation of facts and statistics and other work which can often be accomplished by non-lawyers but which a lawyer may do because he has no other help available. Such non-legal work may command a lesser rate. Its dollar value is not enhanced just because a lawyer does it.

*Confederated Tribes of Siletz Indians of Or. v. Weyerhaeuser Co.*, Case No. 00-1693-PA, 2003 US Dist. LEXIS 25830, 5, n. 3 (D. Or. Oct. 27, 2003), *citing Missouri v. Jenkins*, 491 U.S. 274, 288, n. 10 (1989).

Analysis of the time records submitted in support of Sester's petition indicates that Sester's counsel has been scrupulous in its exercise of billing judgment, in that Sester uniformly seeks compensation for only one timekeeper in instances where more than one timekeeper attended a meeting, conference, or hearing, and that Sester does not seek compensation for tasks primarily clerical in nature. I therefore exclude no recorded time expenditures from the lodestar calculation on grounds of duplicativeness or clerical nature.

### iv. Block Billing

The courts of the District of Oregon have for many years acknowledged the problem of "block billing" attorney time expenditures for fee petition purposes. *See, e.g., Frevach*, 2001 US Dist LEXIS 22255 at *29-34. For purposes of fee petitions filed in the District of Oregon, block billing is defined as any time entry of three or more hours either containing four or more tasks, or in the alternative containing two or more tasks, where at least one of the tasks could have taken anywhere from a small to a substantial amount of time. *See, e.g., Hells Canyon Pres. Council v. United States Forest Serv.*, Case No. 00-755-HU, 2004 US Dist LEXIS 17113, *21-22 (D. Or.

Page 7 - FINDINGS AND RECOMMENDATION

Aug. 18, 2004); *Taylor*, 2002 US Dist LEXIS 25580 at *10-11; *Frevach*, 2001 US Dist LEXIS 22255 at *34. Notwithstanding the foregoing, closely related but discretely identified block-billed tasks will be aggregated into a single task for purposes of determining whether the District of Oregon's prohibition against block billing has been violated. *See, e.g., Oberdorfer v. Glickman*, Case No. 98-1588-HU, 2001 US Dist LEXIS 14677, *14, n. 2 (D. Or. Sep. 14, 2001). Because the practice of block billing systematically impairs the court's ability to ascertain the reasonableness of an attorney's time expenditures, the courts of the District of Oregon have of long standing adopted the practice of eliminating block-billed time entries in their entirety from the lodestar calculation. *See, e.g., Hells Canyon*, 2004 US Dist LEXIS 17113 at *21-22. The facts of this case present no compelling grounds for deviating from that practice here.

Analysis of the time records submitted in support of Sester's petition reveals several instances of block billing in connection with the records of attorney Liday's time expenditures. Analysis of the block-billed time entries, specifically those entries recording tasks performed by Liday on December 6, 7, and 10, 2012, and on January 25 and February 12, 2013, does not establish that the tasks performed are so closely related as to warrant aggregation into a single task for purposes of determining whether the prohibition against block billing has been violated. In consequence, Liday's recorded time expenditures of those dates, totaling 13.9 hours of Liday's time expended in 2012 and 6.9 hours of Liday's time expended in 2013, shall be excluded from the lodestar calculation.

### b. Hours Expended in Preparation of Sester's Fee Petition

Analysis of the time records submitted in support of Sester's petition for fees incurred in connection with preparing the fee petition itself reveals no time expenditures that should be

Page 8 - FINDINGS AND RECOMMENDATION

excluded from the lodestar calculation of grounds of unrelatedness, inadequate specification, excessiveness, duplicativeness, clerical nature, or impermissible block billing.

### 2. Reasonable Rate

It is well settled within the Ninth Circuit and in this District that:

> The prevailing market rate in the community is indicative of a reasonable hourly rate. ... The fee applicant has the burden of producing satisfactory evidence, in addition to the affidavits of its counsel, that the requested rates are in line with those prevailing in the community for similar services of lawyers of reasonably comparable skill and reputation.

*Jordan v. Multnomah County*, 815 F.2d 1258, 1262-1263 (9th Cir. 1987), *citing Blum v. Stenson*, 465 U.S. 886, 895-897, 895 n. 11 (U.S. 1984). Sester requests that attorney Liday's time be compensated at an hourly rate of $270 in connection with his 2012 time expenditures and of $300 in connection with his 2013 time expenditures, that attorney Rubin's time, all expended in 2013, be compensated at an hourly rate of $475, that attorney Sagalewicz' time be compensated at an hourly rate of $320 in connection with his 2012 time expenditures and of $360 in connection with his 2013 time expenditures, and that paralegal Morton's time, all expended in 2013, be compensated at an hourly rate of $160.

Asia Pacific objects to each of these requested rates as excessive, without particularity. Sester argues that rates at the high end of the range charged by legal practitioners in private practice in the Portland legal community are appropriate here, because this case involved "discovery across international borders, documents in foreign languages, and a detailed, better than average knowledge of how to enforce discovery obligations and request sanctions." In addition, Sester argues that the rates actually reported to the Oregon State Bar by Portland-area private practitioners and published in the Oregon State Bar 2012 Economic Survey, discussed

below, are unreliable. Because the legal issues raised by Asia Pacific's failure to comply with its discovery obligations, repeated disobedience of court orders, and repeated misrepresentations to the court, while understandably frustrating to Sester and its counsel, were not particularly complex or challenging, I find that Sester may reasonably tax Asia Pacific with its counsel's reasonably incurred attorney fees calculated at the median rates charged in the appropriate years by similarly situated and qualified Portland-area private practitioners.

### a.    Rates for Attorney Liday

Sester offers the sworn declaration of Sagalewicz that Liday has been admitted to the practice of law and a member of the Oregon State Bar since 2007, and that Liday has devoted a "significant part of his practice" to acquiring special expertise in discovery-related matters.

I take judicial notice that the Oregon State Bar 2012 Economic Survey provides information as to rates actually charged by Portland-area attorneys in private practice (among other practitioners), in 2011, broken down by years of practice. An appropriate method for adjusting the 2011 rates reported in the 2012 Economic Survey for inflation to produce an estimate of the corresponding rates prevalent in the Portland-area legal community in 2012 and 2013, when Sester's Rule 37 motion and fee petition were litigated, is to multiply the 2011 rates by the federal Bureau of Labor Statistics' reported consumer price index for urban consumers ("CPI-U") for the years in which the fees were incurred, and then to divide the resulting quotients by the reported CPI-U for 2011. I take judicial notice that the Bureau of Labor Statistics has published a CPI-U for the Western states of 227.485 for 2011, of 232.376 for 2012, and of 235.093 for the first half of 2013.

As a practicing attorney since 2007, Liday had approximately five years of experience in

Page 10 - FINDINGS AND RECOMMENDATION

2012 and six years of experience in 2013. The 2012 Economic Survey reports that Portland-area private practitioners with four to six years of experience charged a median hourly rate of $218 in 2011. Relying on the adjustment method outlined above results in a calculated median rate of $222.69 for a Portland-area private practitioner with five years of experience in 2012, and of $225.29 for a Portland-area private practitioner with six years of experience in 2013. On the basis of the foregoing calculation, I find that Sester may reasonably tax Asia Pacific with Liday's reasonable time expenditures calculated at an hourly rate of $225 for both his 2012 and 2013 time expenditures.

### b.     Rate for Attorney Rubin

Sester offers the sworn declaration of Sagalewicz that Rubin has been admitted to the practice of law and a member of the Oregon State Bar since 1976. Sagalewicz declares that Rubin is experienced in commercial litigation and electronic discovery practice. According to Sagalewicz, Rubin has been "recognized by Best Lawyers in America since 2010 and by Super lawyers in 2008 and from 2010 to the present."

As a practicing attorney since 1976, Rubin had approximately thirty-seven years of experience in 2013. The 2012 Economic Survey reports that Portland-area private practitioners with more than thirty years of experience charged a median hourly rate of $350 in 2011. Relying on the adjustment method outlined above results in a calculated median rate of $361.71 for a Portland-area private practitioner with thirty-seven years of experience in 2013. On the basis of the foregoing calculation, I find that Sester may reasonably tax Asia Pacific with Rubin's reasonable time expenditures calculated at an hourly rate of $365.

### c.    Rates for Attorney Sagalewicz

Sester offers Sagalewicz' sworn declaration that he has been admitted to the practice of law and a member of the Oregon State Bar since 2005, and that he has "particular experience in cases involving the Uniform Commercial Code." Sagalewicz declares that he has "been recognized in the Oregon Super Lawyers – Rising Stars list for five out of the past six years, including 2013."

As a practicing attorney since 2005, Sagalewicz had approximately seven years of experience in 2012 and eight years of experience in 2013. The 2012 Economic Survey reports that Portland-area private practitioners with seven to nine years of experience charged a median hourly rate of $250 in 2011. Relying on the adjustment method outlined above results in a calculated median rate of $255.38 for a Portland-area private practitioner with seven years of experience in 2012, and of $258.36 for a Portland-area private practitioner with eight years of experience in 2013. On the basis of the foregoing calculation, I find that Sester may reasonably tax Asia Pacific with Sagalewicz' reasonable time expenditures calculated at an hourly rate of $260 for both his 2012 and 2013 time expenditures.

### d.    Rate for Paralegal Morton

Sester offers Sagalewicz' sworn declaration that Morton has worked as a paralegal at Sagalewicz' law firm since 2005, "with an emphasis on commercial, construction, and corporate litigation." Sester offers no evidence that the $160 hourly rate at which it seeks to tax Asia Pacific with Morton's time expenditures is reasonable, and Asia Pacific likewise offers no material evidence. In the absence of material evidence offered by the parties, I find based on my personal knowledge of the Portland-area legal community that Morton's time expenditures may

Page 12 - FINDINGS AND RECOMMENDATION

reasonably be taxed to Asia Pacific at an hourly rate of $100.

        3.      **Calculation and Adjustment of the Lodestar Figure**

            a.      **Fees for Litigation**

The product of the 167.8 hours reasonably expended by attorney Liday in connection with litigating Sester's Rule 37 motion and his reasonable hourly rate of $225 is $37,755.00, the product of the 2.4 hours reasonably expended by attorney Rubin in connection with litigating Sester's Rule 37 motion and his reasonable hourly rate of $365 is $876.00, the product of the 11.6 hours reasonably expended by attorney Sagalewicz in connection with litigating Sester's Rule 37 motion and his reasonable hourly rate of $260 is $3,016.00, and the product of the 3.5 hours reasonably expended by paralegal Morton in connection with litigating Sester's Rule 37 motion and her reasonable hourly rate of $100 is $350.00. Thus, the lodestar calculation results in a total of $41,997.00 in attorney fees reasonably incurred in connection with litigating Sester's Rule 37 motion.

            b.      **Fees-on-Fees**

The product of the 4.5 hours reasonably expended by Rubin in connection with preparing Sester's fee petition and his reasonable hourly rate of $365 is $1,642.50, and the product of the 0.5 hours reasonably expended by Sagalewicz in connection with preparing Sester's fee petition and his reasonable hourly rate of $260 is $130.00. Thus, the lodestar calculation results in a total of $1,772.50 in attorney fees reasonably incurred in connection with preparing the fee petition now before the court.

The Ninth Circuit has approved arithmetic reduction of an award of "fees-on-fees" by the ratio of the fees actually awarded in the underlying fee dispute to the amount therein requested.

Page 13 - FINDINGS AND RECOMMENDATION

*See, e.g., Thompson v. Gomez*, 45 F.3d 1365, 1366-1368 (9th Cir. 1995). I see no reason to deviate from this reasonable procedure, and find that the lodestar figure for fees-on-fees should be reduced by the ratio of the lodestar figure calculated for merits litigation fees to the amount of fees requested therefor in Sester's fee petition. Sester asserted an entitlement to an award of $60,342.00 in compensation for attorney fees incurred in merits litigation fees, whereas the lodestar calculation yields an appropriate award of $41,997.00, or approximately 69.60% of the amount requested. I find, therefore, that the lodestar figure for fees-on-fees should be reduced by a factor of 69.60% to $1,233.63.

### c.     Adjustment

It is the fee claimant's burden to prove the reasonableness of the lodestar amount. *See Pennsylvania*, 478 U.S. at 563-64. The factors that may properly be considered in determining and evaluating the lodestar figure include: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill required; (4) the preclusion of other employment by the attorney; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *See, e.g., Kerr v. Screen Extras Guild*, 526 F.2d 67, 70 (9th Cir. 1975). Only those factors which are applicable need be addressed. *See, e.g., Sapper v. Lenco Blade, Inc.*, 704 F.2d 1069, 1073 (9th Cir. 1983).

It is within the discretion of this court to adjust the lodestar figure either: (1) downward if the plaintiff has achieved only partial or limited success or if the fee is otherwise unreasonable,

*Hensley*, 461 U.S. at 435-36 (1983); or (2) upward in "rare" and "exceptional" cases, *Pennsylvania*, 478 U.S. at 565. The presumption, however, is that the lodestar figure represents a reasonable fee. *See Miller v. Los Angeles County Bd. of Educ.*, 827 F.2d 617, 621 (9th Cir. 1987).

I do not find that any adjustment of the lodestar figure is warranted here. I therefore find that Sester is entitled to award of its reasonably incurred attorney fees in the lodestar amounts provided above, specifically $41,997.00 and $1,233.63, resulting in a total recommended fee award of $43,230.63.

## III. Costs

Sester claims a total of $1,406.80 in costs it characterizes as compensable under my order dated July 1, 2013. Sester offers evidence tending to establish that it was invoiced in precisely that amount in connection with obtaining a transcript of the deposition of Henry Chu, Asia Pacific's Federal Civil Procedure Rule 30(b)(6) designee. Asia Pacific does not object to this cost, and I find that Asia Pacific may reasonably be taxed therewith. Sester should therefore be awarded its costs in the amount of $1,406.80.

## CONCLUSION

For the reasons set forth above, Sester's petition (#60) for attorney fees should be granted, and Sester should be awarded its reasonably incurred fees and costs in the total amount of $44,637.43.

## SCHEDULING ORDER

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due fourteen (14) days from service of the Findings and Recommendation. If no objections

Page 15 - FINDINGS AND RECOMMENDATION

are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due fourteen (14) days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

Dated this 30th day of October, 2013.

*Paul Papak*
Honorable Paul Papak
United States Magistrate Judge